## Chicago General Ry. Co. v. William J. Matthews.

1. QUESTIONS OF FACT—*In the Appellate Court.*—It is not for a reviewing court to settle questions of fact, upon evidence that is conflicting and irreconcilable. The law has devolved that duty upon the jury in the trial court.

2. WAIVER—*Of Assignments of Error.*—When a matter is assigned as error and is not alluded to in the brief of the party assigning it, it will be treated as waived.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed March 13, 1900.

GLENN E. PLUMB and DAN MORGAN SMITH, JR., attorneys for appellant.

BOWLES & BOWLES, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal is from a judgment for $1,600 recovered against the appellant in a suit brought by the appellee to recover damages for an injury alleged to have been sustained by him by being thrown from one of appellant's electric cars while he was in the act of alighting therefrom.

The evidence, in behalf of appellee, tended to prove that appellee was a passenger, riding inside the car; that as the car approached a usual stopping-place at a street-crossing, he signified to the conductor, who was upon the platform, his wish to get off at that point; that the car first " slowed up " and then came to a stop for about three seconds; that

while appellee was in the act of stepping off, the car sud-
denly started ahead, with "a little jerk," in response to a
bell signal given by the conductor, and appellee was thrown
and his arm broken, and some other lesser injuries sus-
tained.

On the part of the appellant there was evidence tending
to show that appellee jumped from the car while it was in
motion, and so was hurt; and appellant urges a reversal of
the judgment upon both grounds of lack of negligence by
appellant and of contributory negligence by appellee.

It is not for a reviewing court to settle questions of fact,
upon evidence that is conflicting and irreconcilable. The
law has devolved that duty upon another body of men—a
jury—whose province is as thoroughly sanctioned and well
defined by law as is that of that other body usually spoken
of as the court, and we can not undertake to say that the
jury did not determine each of such questions correctly,
especially where, as here, the preponderance of evidence
may almost certainly be said not to be against the verdict.

The proposition that three seconds was a sufficient time
to allow for appellee to alight, has but little force when we
consider that—there being but one other passenger aboard
the car—the conductor stood close to the appellee while the
latter was in the act of getting off, and might, if he did not,
see that appellee had not alighted before he, the conductor,
gave the signal to go ahead.

The other points by appellant are all embraced in the
proposition that the starting of the car with a jerk "is a
usual incident of the starting, and as such, must be ex-
pected by the traveling public."

Assuming that an electric car can not be started without
a jerk, then all the more should care be exercised not to
start up the car while a passenger is in the act of alighting.
The sudden and violent starting of the car, combined with
the other circumstance of the appellee being then in the
act of alighting, is what is complained of.

We have examined the record with reference to the
remarks of appellee's counsel in argument to the jury, of

which complaint is made, but do not discover either in them or the size of the verdict, sufficient to warrant us in saying that they excited the passions or prejudice of the jury to a prejudicial degree.

If there was a technical error in the form of the judg ment, as written up by the clerks, all objection in that regard has been removed by amendment of the judgment, as shown by the supplemental transcript. Excessiveness of damages is assigned for error, but not being alluded to in the brief, we will have to treat it as waived. Affirmed.